IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD A. RODAK,

    Petitioner,

vs.                                                                     Case No. 4:12cv69-SPM/CAS

KENNETH S. TUCKER,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO SUMMARILY DISMISS § 2254 PETITION

Petitioner Richard A. Rodak, proceeding pro se, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. Doc. 1. Petitioner challenges a judgment and sentence of the Second Judicial Circuit, Leon County, case 2008-CF-1221, dated August 12, 2008, following his entry of a plea of nolo contendere. Doc. 1.

By order issued March 27, 2012, this Court directed Petitioner to explain why his petition should not be dismissed as untimely. Doc. 5. In this order, the Court indicated, among other things, that Petitioner had filed a Rule 3.850 motion in the trial court on July 24, 2009, and the appeal of the denial of that motion is still pending. Doc. 5; see Doc. 1, pp. 3-4.

Petitioner has filed a timely response to the Court's order. Doc. 7. Petitioner correctly points out that the Court's order contains an erroneous date for the expiration of Petitioner's time to file a direct appeal from his judgment and sentence. The correct date of the judgment and sentence is August 12, 2008; therefore, Petitioner had until

September 11, 2008, to file an appeal. Petitioner did not appeal. As indicated above, on July 24, 2009, Petitioner filed a Rule 3.850 motion in the trial court; the trial court denied that motion and Petitioner filed an appeal in the First District Court of Appeal (DCA). According to the online docket for the First DCA, the appeal remains pending. Because Petitioner filed the Rule 3.850 motion prior to the expiration of the one-year limitations period for filing a § 2254 petition, his petition is not untimely.

Nevertheless, this Court may not grant habeas corpus relief unless available state court remedies have been exhausted. 28 U.S.C. § 2254(b)(1); *see* O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending" tolls the time remaining of the one-year period. 28 U.S.C. § 2244(d)(2); *see* Tinker v. Moore, 255 F.3d 1331, 1335, n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) (explaining "a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period"). To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Boerckel, 526 U.S. at 845. This "one complete round" exhaustion requirement applies to post-conviction review as well, and a prisoner must appeal the denial of post-conviction relief in order to properly exhaust state remedies. *See* Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (explaining that Florida prisoner must appeal denial of Rule 3.850 relief to exhaust remedies).

In his response, Petitioner acknowledges his appeal is still pending in the First DCA and requests this Court dismiss his petition without prejudice. Doc. 7. The § 2254

petition should therefore be dismissed without prejudice to refiling after state remedies have been exhausted.

Rule 11(a) of the Rules Governing § 2254 Cases in U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and "if the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), R. Gov. § 2254 Cases in U.S. Dist. Cts.  Here, there is no substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), and it is recommended that the Court deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after a notice of appeal is filed, the court may certify the appeal is not in good faith or the party is not otherwise entitled to appeal in forma pauperis).

Accordingly, it is respectfully **RECOMMENDED** that this § 2254 petition (Doc. 1) be **SUMMARILY DISMISSED** without prejudice to re-filing when Petitioner has exhausted available state court remedies, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida on May 9, 2012.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.   A party may respond to another party's objections within 14 days after being served with a copy thereof.   Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**